**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-02048-MDB

MATTHEW PRICE,

      Plaintiff,

v.

EXPRESS SCRIPTS, INC. d/b/a EXPRESS SCRIPTS and
CIGNA CORPORATION d/b/a CIGNA,

      Defendants.

---

**DEFENDANTS AND CIGNA-EVERNORTH SERVICES INC.'S
UNOPPOSED MOTION TO INTERVENE AS A DEFENDANT**

---

Pursuant to Fed.R.Civ.P. 24, Defendants Express Scripts, Inc. and Cigna Corporation, along with Cigna-Evernorth Services, Inc. (Cigna-Evernorth"), by and through undersigned counsel move to allow Cigna-Evernorth to intervene as a Defendant in the above captioned matter. As grounds for this Motion, Defendants and Cigna-Evernorth state as follows:

1.     Pursuant to D.C.COLO.LCivR 7.1(a), the undersigned counsel conferred with pro se Plaintiff via email on June 4, 2026, regarding the relief requested in this Motion and Plaintiff does not oppose this Motion.

2.     Defendants previously conferred with Plaintiff regarding the fact that Cigna-Evernorth was the direct employer of Plaintiff.

3. On May 6, 2026, Defendants reminded Plaintiff of the same and pointed to Plaintiff's pay statements identifying that entity, which were provided to Plaintiff during a Colorado Department of Labor and Employment proceeding prior to this lawsuit.

4. Also on this date, Defendants asked Plaintiff if he would amend his Complaint to add Cigna-Evernorth as an additional defendant to avoid Cigna-Evernorth filing a Motion to Intervene and promoting judicial economy.

5. Defendants did so because once Cigna-Evernorth is properly added as a defendant to this lawsuit, whether by an Amended Complaint or this Motion to Intervene, Defendants (including Cigna-Evernorth) intend to file Motions to Compel Arbitration and to Stay Pending Arbitration.

6. On May 7, 2026, Plaintiff responded to that information, stating, "In light of that position, I intend to file a motion seeking:…Leave to file a Second Amended Complaint adding Cigna-Evernorth Services Inc. and/or otherwise addressing the entity-name issue…"

7. On May 8, 2026, Defendants informed Plaintiff that they did not oppose Plaintiff filing a second Amended Complaint to add Cigna-Evernorth after Defendants removed the case to this Court.

8. On May 15, 2026, Defendants asked Plaintiff to confirm that he was still going to amend his Complaint to add Cigna-Evernorth, as Plaintiff previously communicated.

9. On May 15, 2025, Plaintiff replied to Defendants, "I intend to renew in federal court the motion I filed in state court on May 8, 2026, seeking leave to file a Second

Amended Complaint to add or correct Cigna-Evernorth Services Inc., additional time to complete service, and court-appointed service under the applicable federal procedures." Plaintiff also stated that he would "not oppose a short and reasonable extension of time for Defendants to respond to the current complaint while the amendment and service issues are addressed…"

10.    On the night of May 17, 2026, Plaintiff informed Defendants that he needed to "clarify [his] prior response regarding amendment." Plaintiff stated that "When [he] responded, [he] anticipated that [he] would be able to file a motion on Monday [May 18, 2026] to amend the complaint to add Cigna-Evernorth Services Inc. [but] [a]fter further review," would no longer do so until Defendants responded to a series of six requests.

11.    To date, Plaintiff has not amended his Complaint to name his employer in the lawsuit.  As such, Defendants and Cigna-Evernorth file this Motion.

12.    The Tenth Circuit has identified four requirements that must be met for a party to intervene as of right under Fed. R. Civ. P. 24(a): (1) a timely motion to intervene; (2) a claimed interest relating to the property or transaction at issue; (3) the applicant's interest may as a practical matter be impaired or impeded; and (4) the applicant's interest is not adequately represented by existing parties. *Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017); *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) (citing *Coalition of Arizona/New Mexico Counties v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996)). The Tenth Circuit "follows 'a somewhat liberal line in allowing intervention.'" *Clinton*, 255 F.3d at 1249 (quoting *Nat'l Farm Lines v. Interstate Commerce Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977).

13.     First, this Motion is timely as Defendants' Answer or other response to Plaintiff's Complaint is due June 9, 2026.

14.     Second, Cigna-Evernorth claims an interest related to the subject of this action as Plaintiff's pay statements identify Cigna-Evernorth as Plaintiff's employer who was responsible for paying Plaintiff's wages. **Exhibit A**.

15.     Moreover, during a Colorado Department of Labor and Employment ("CDLE") proceeding prior to this lawsuit, the CDLE noted that Plaintiff's employer was in fact Cigna-Evernorth Services, Inc. **Exhibit B**.

16.     Because Plaintiff was a Cigna-Evernorth employee, Cigna-Evernorth claims an interest relating to the Plaintiff's claimed wages and payment of the same that are the subject of this action.

17.     Third, as Cigna-Evernorth would be the entity to owe Plaintiff any wages should Plaintiff prevail in this lawsuit, it is the party best equipped to protect its interest in that property. Permitting this action to continue without Cigna-Evernorth would impede or impair its ability to protect its property, which Plaintiff seeks to recover.

18.     Fourth, as the currently named Defendants were not the entities to pay Plaintiff wages or maintain his records of time worked during his employment with Cigna-Evernorth, they may not adequately protect Cigna-Evernorth's interests.

19.     Therefore Cigna-Evernorth moves to exercise its unconditional right to intervene as a Defendant pursuant to Fed. R. Civ. P. 24(a).

20.     Even if Cigna-Evernorth does not have an unconditional right of intervention in this lawsuit, Cigna-Evernorth has a "defense that shares with the main action a common

4

question of law or fact;" namely, that Cigna-Evernorth paid all wages for time worked by Plaintiff during his employment with Cigna-Evernorth. Therefore, permissive intervention is also proper under Fed. R. Civ. P. 24(b).

21.    No party will be prejudiced by intervention of Cigna-Evernorth as it was Plaintiff's employer during the relevant time period.

WHEREFORE, Defendants and Cigna-Evernorth respectfully request that the Court enter an Order allowing Cigna Evernorth Services, Inc. to intervene as a Defendant in this matter and the case caption be amended to *Matthew Price v. Express Scripts, Inc. d/b/a Express Scripts, Cigna Corporation d/b/a as Cigna and Cigna-Evernorth Services, Inc.*

Respectfully submitted this 9th day of June, 2026.

JACKSON LEWIS P.C.

*s/ Marques A. Berrington*
Marques A. Berrington
Jonathan T. Smith
1400 Wewatta Street, Suite 900
Denver, Colorado 80202
Telephone: (303) 892-0404
Facsimile: (303) 409-3833
Marques.Berrington@jacksonlewis.com
Jonathan.Smith@jacksonlewis.com

*Attorneys for Defendants and Cigna-Evernorth Services, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 9th day of June, 2026, a true and correct copy of the foregoing **DEFENDANTS AND CIGNA-EVERNORTH SERVICES INC.'S UNOPPOSED MOTION TO INTERVENE AS A DEFENDANT** was served via CM/ECF on the following:

Matthew Price, *pro se Plaintiff*
2207 East 12th Street, Apt. 77
Pueblo, CO 81001
Mattprice86@gmail.com

*s/ Felicia Sargent*
For Jackson Lewis P.C.