**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

MATTHEW PRICE,

    Plaintiff,

v.

EXPRESS SCRIPTS, INC., d/b/a EXPRESS
SCRIPTS, and
CIGNA CORPORATION, d/b/a CIGNA,

    Defendants.

Civil Action No.
1:26-cv-02048-NYW-MDB

---

### PLAINTIFF'S MOTION TO STRIKE OR LIMIT ECF NO. 20-2

---

Plaintiff Matthew Price, appearing pro se, moves to strike or, in the alternative, limit ECF

No. 20-2, the CDLE Determination of Compliance attached to Defendants' and Cigna-Evernorth

Services Inc.'s Motion to Intervene. Plaintiff does not ask the Court to decide the wage merits in

this Motion. Plaintiff asks the Court to prevent Defendants from using a procedural intervention

motion to place a strongly disputed, revoked or rescinded, and prejudicial administrative merits

narrative before the Court and the public docket for purposes unrelated to intervention.

### I. CONFERRAL

Plaintiff conferred with Defendants regarding the relief requested in this Motion. On June

15, 2026, Plaintiff asked Defendants to withdraw ECF No. 20-2, refile only a limited

identity-related excerpt, file a corrective notice limiting any reliance on ECF No. 20-2 to the

narrow employer-identity purpose Defendants claimed, or state that Defendants opposed Plaintiff

seeking court relief regarding ECF No. 20-2. Ex. 2 at 4-5.

On June 16, 2026, Defendants stated that they would not agree to Plaintiff's requested relief and opposed relief concerning ECF No. 20-2. Ex. 2 at 3. Defendants stated that ECF No. 20-2 was cited for purposes of intervening Cigna-Evernorth Services Inc. 'and for no other purpose.' Id.

On June 22, 2026, Plaintiff again stated that if Defendants were not using ECF No. 20-2 for any disputed factual, evidentiary, credibility, arbitration, valuation, adverse-inference, prejudicial-background, or merits purpose, Defendants should have no objection to an order limiting ECF No. 20-2 to the narrow identity or intervention purpose Defendants claimed. Ex. 2 at 2-3. Defendants responded that they opposed that relief. Ex. 2 at 1. Conferral is complete.

## II. BACKGROUND

ECF No. 20 seeks to add Cigna-Evernorth Services Inc. as a defendant. Plaintiff's conferral position on intervention was limited. Plaintiff did not oppose only the narrow addition of Cigna-Evernorth Services Inc. as an additional defendant, without substitution or dismissal of any current defendant, and without waiver of Plaintiff's objections, defenses, claims, arbitration defenses, party-identity positions, or merits positions. Ex. 1 at 2.

Defendants filed two exhibits with ECF No. 20. ECF No. 20-1 is a pay statement identifying Cigna-Evernorth Services Inc. as the company on the pay statement. ECF No. 20-2 is the full CDLE Determination of Compliance. If Defendants offered CDLE material only to identify Cigna-Evernorth Services Inc., Defendants needed, at most, a limited identity excerpt. They did not need to place the full CDLE Determination, including adverse disputed merits narrative, before the Court.

ECF No. 20-2 goes far beyond employer identity. It includes administrative narrative concerning alleged work gaps, alleged lack of deliverables, alleged non-work time, alleged lack of overtime, and alleged 'prepaid' wages. Plaintiff strongly disputes the factual accuracy, foundation, completeness, methodology, and legal effect of those assertions. Plaintiff also disputes any attempt to treat ECF No. 20-2 as a final merits adjudication, credibility finding, valuation admission, arbitration fact, adverse inference, or evidence that Plaintiff's wage claims lack factual support.

This is not an isolated concern. Plaintiff has repeatedly notified Defendants that he disputes the accuracy, completeness, procedural reliability, finality, and legal effect of CDLE materials, including any reliance on rescinded, revoked, non-operative, or procedurally unreliable administrative materials. Ex. 2 at 4-5. Defendants nevertheless filed the full CDLE Determination with a procedural intervention motion and now oppose an order limiting that exhibit to the purpose Defendants claim.

The prejudice is increased because ECF No. 20-2 was filed on the public docket. A reader of the docket can see a full administrative determination adverse to Plaintiff without the underlying employer records, without Plaintiff's rebuttal to the employer narrative, without discovery, and without the context that Plaintiff strongly disputes the administrative narrative and legal effect of the CDLE materials.

### III. ARGUMENT

**A. ECF No. 20-2 is unnecessary to decide intervention.**

The intervention issue is narrow. Defendants contend Cigna-Evernorth Services Inc. should be added because Plaintiff's pay statement identifies that entity. ECF No. 20-1 already

supplies that identity evidence. The Court does not need the CDLE Determination's disputed

factual narrative to decide whether Cigna-Evernorth Services Inc. may intervene.

Rule 24 concerns whether a person or entity may intervene in an existing action. Fed. R.

Civ. P. 24(a)-(b). It does not require the Court to decide the truth of disputed wage facts, the

reliability of an employer-submitted audit narrative, Plaintiff's credibility, the value of Plaintiff's

claims, or Defendants' anticipated arbitration arguments. ECF No. 20-2 introduces those issues

anyway.

The clean solution is to strike ECF No. 20-2 or limit it to the narrow fact Defendants

claim: that CDLE paperwork identified Cigna-Evernorth Services Inc. as the named employer in

the administrative proceeding. That limitation would not prejudice Defendants if their stated

purpose is accurate.

## B. Defendants' own position supports a limiting order.

Defendants told Plaintiff that ECF No. 20-2 was cited for purposes of intervention 'and

for no other purpose.' Ex. 2 at 3. Plaintiff accepts that representation only as a limitation, not as a

cure.

If ECF No. 20-2 is truly offered for no purpose other than intervention, then an order

limiting the exhibit to that purpose should not affect Defendants' ability to argue intervention.

Defendants can still argue that Cigna-Evernorth Services Inc. should be added as a defendant.

Defendants can still rely on ECF No. 20-1 for the pay-statement identity point. Defendants can

still file whatever responsive pleading or motion they believe is proper after intervention.

Defendants may respond that Plaintiff is improperly discussing the merits because

Defendants offered ECF No. 20-2 only for identity or intervention. That response confirms

Plaintiff's point. If the exhibit is only for identity or intervention, the Court should limit it to identity or intervention. What Defendants should not be permitted to do is file a disputed administrative merits narrative, disclaim broader use during conferral, oppose an order limiting the exhibit to the stated purpose, and later use the same exhibit directly or indirectly for merits, credibility, arbitration, valuation, adverse-inference, or prejudicial-background purposes.

**C. The CDLE audit narrative raises reliability and foundation issues that cannot be resolved on a Rule 24 motion.**

Plaintiff does not ask the Court to decide here whether Defendants' CDLE narrative is true or false. That is not the point of this Motion. The point is that ECF No. 20-2 contains strongly disputed merits material that has not been tested through discovery, authenticated through admissible evidence, or subjected to cross-examination.

The timing and use of the alleged audit narrative create serious foundation and reliability issues. If Defendants truly had a reliable, contemporaneous audit showing that Plaintiff was not working substantial portions of his shifts, that would have been a central employment issue. Plaintiff would expect such an alleged audit to have been disclosed, investigated, raised during employment, used as a basis for coaching or discipline, identified as a termination basis, or produced in response to Plaintiff's February 13, 2025 wage demand.

That did not happen. Plaintiff was told at termination that the asserted termination basis was an attendance issue and alleged violation of the terms of a performance improvement plan, and Plaintiff disputes that asserted basis as well. No alleged audit narrative, alleged non-work issue, or claim that Plaintiff was not working substantial portions of his shifts was mentioned to Plaintiff at termination, raised with him during employment, or raised in response to his February

13, 2025 wage demand. Plaintiff first learned of that alleged narrative through the CDLE

determination, and even then Defendants did not provide the underlying records necessary to test

it. That sequence matters because it shows why the CDLE narrative should not be treated as

reliable evidence at this stage.

Plaintiff has identified multiple issues with the CDLE narrative, including the absence of

the underlying Verint, VPN, SSO, Workday, timekeeping, and system-access records necessary

to test the employer's assertions. Plaintiff does not need to litigate each of those issues now. It is

enough that the disputed narrative is unnecessary to intervention and unfairly prejudicial if left

unrestricted.

**D. ECF No. 20-2 risks unfair prejudice and issue confusion.**

The principles reflected in Fed. R. Evid. 105 and 403 support limiting ECF No. 20-2. If

material is offered for one purpose but not another, the Court may and should restrict it to its

proper scope on a timely request. Here, Defendants claim ECF No. 20-2 was offered only for

intervention. Plaintiff timely asks the Court to hold Defendants to that limitation.

The requested limitation is also consistent with Rule 403 principles. In Old Chief v.

United States, 519 U.S. 172, 180-85 (1997), the Supreme Court explained that when alternative

evidence proves the same point with a lower danger of unfair prejudice, the availability of that

substitute matters in the Rule 403 balance. Here, ECF No. 20-1 supplies the narrow identity

evidence Defendants claim they needed. ECF No. 20-2 adds a disputed administrative merits

narrative that creates substantially greater prejudice while adding little or nothing necessary to

decide intervention. Administrative findings also do not receive preclusive effect unless the

agency acted in a judicial capacity and the parties had an adequate opportunity to litigate the

disputed issues. Univ. of Tenn. v. Elliott, 478 U.S. 788, 797-99 (1986). Plaintiff strongly disputes that ECF No. 20-2 satisfies those requirements, and the Court need not decide that issue now because Defendants claim the exhibit was offered only for intervention.

The disputed CDLE merits narrative has little or no probative value on the narrow intervention question because ECF No. 20-1 already identifies Cigna-Evernorth Services Inc. on a pay statement. The risk of unfair prejudice, issue confusion, and improper merits framing is substantial because the full administrative narrative appears adverse to Plaintiff while the underlying employer records and Plaintiff's rebuttal are not before the Court.

Defendants have also made clear that, after intervention, they intend to seek arbitration and a stay. Plaintiff disputes arbitration. Plaintiff should not be forced to litigate arbitration, credibility, claim valuation, or the factual merits of his wage claim against the background of an unrestricted CDLE exhibit that Defendants say was filed only for intervention.

A limiting order would preserve the record without deciding the merits. It would prevent ECF No. 20-2 from being used as an end-run around discovery, authentication, evidentiary objections, or ordinary motion practice. It would also prevent Defendants from gaining a prejudicial advantage by placing contested administrative narrative before the Court before Plaintiff has had a fair opportunity to test the underlying records.

**E. Alternative relief is appropriate if the Court does not strike ECF No. 20-2.**

Plaintiff's primary request is that ECF No. 20-2 be stricken, disregarded, or removed from consideration because it is unnecessary to intervention and contains strongly disputed merits material. If the Court declines to strike the exhibit, Plaintiff requests a limiting order.

The limiting order should state that ECF No. 20-2 may be considered only for the narrow fact that CDLE paperwork identified Cigna-Evernorth Services Inc. as the named employer in the administrative proceeding. The order should further state that ECF No. 20-2 may not be cited, quoted, summarized, characterized, attached, or relied upon for the truth of disputed factual assertions, merits, credibility, claim valuation, arbitration, adverse inference, prejudicial background, or any other disputed evidentiary purpose without prior leave of Court.

That relief is narrow. It does not prevent intervention. It does not decide the wage claim. It does not decide arbitration. It simply keeps a procedural motion from becoming a vehicle for disputed merits material.

## IV. REQUESTED RELIEF

Plaintiff respectfully requests that the Court enter an order granting the following relief:

1.  Strike, disregard, or remove ECF No. 20-2 from consideration in connection with ECF No. 20; or

2.  In the alternative, limit ECF No. 20-2 to the narrow fact that CDLE paperwork identified Cigna-Evernorth Services Inc. as the named employer in the administrative proceeding;

3.  Order that ECF No. 20-2 shall not be cited, quoted, summarized, characterized, attached, or relied upon for any disputed factual, evidentiary, credibility, arbitration, valuation, adverse-inference, prejudicial-background, public-record, or merits purpose without prior leave of Court;

4.  Order Defendants to file a corrected notice or limited identity-related excerpt if the Court

    determines that some identity-related material should remain available for ECF No. 20;

    and

5.  Grant any further relief the Court deems just and proper.

Respectfully submitted this 30th day of June, 2026.

s/ Matthew Price
Matthew Price, Plaintiff Pro Se
928 Village Cir Apt A
Pueblo, CO 81001
Phone: 719-252-6271
Email: matt@mattp.cc

## CERTIFICATE OF SERVICE

I certify that on this 30th day of June, 2026, I served a true and correct copy of the foregoing PLAINTIFF'S MOTION TO STRIKE OR LIMIT ECF NO. 20-2 on counsel of record by email and through CM/ECF to the extent applicable.

Jonathan T. Smith, Jonathan.Smith@jacksonlewis.com
Marques Berrington, Marques.Berrington@jacksonlewis.com

s/ Matthew Price
Matthew Price