**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-02048-MDB

MATTHEW PRICE,

Plaintiff,

v.

EXPRESS SCRIPTS, INC. d/b/a EXPRESS SCRIPTS and
CIGNA CORPORATION, d/b/a CIGNA and CIGNA-EVERNORTH SERVICES, INC.,

Defendants.

---

## DEFENDANTS' MOTION TO COMPEL ARBITRATION

---

Defendants Express Scripts, Inc., Cigna Corporation, and Cigna-Evernorth Services, Inc. ("Defendants"), by and through their undersigned counsel, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.,* hereby move for the entry of an order compelling arbitration and staying all proceedings pending the conclusion of arbitration. In support of this Motion, Defendants state as follows:

## I. CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1, Defendants certify that undersigned counsel conferred with *pro se* Plaintiff regarding this Motion. Plaintiff opposes the relief requested herein.

## II. INTRODUCTION

Plaintiff Matthew Price ("Plaintiff") filed his original suit in Pueblo County District Court against Defendants on December 2, 2025 [ECF No. 3] and on April 1, 2026, he

filed his First Amended Complaint [ECF No. 4]. Defendants Express Scripts and Cigna were respectively served on April 22, 2026 [ECF Nos. 5-6]. Prior to filing his Complaint, Plaintiff executed a binding and enforceable Mutual Arbitration Agreement when he on March 4, 2020, signed a Voluntary Arbitration Agreement that applies to the claims raised in this action (the "Arbitration Agreement"), attached as **Exhibit A**. The Arbitration Agreement provides that:

> This Agreement is governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.). Except as it otherwise provides, this Agreement applies to any dispute, past, present or future, arising out of or related to Employee's (sometimes "you" or "your") employment or relationship with Cigna[1] or the relationship with any of Cigna's agents, employees, affiliates, successors, subsidiaries, assigns, sister or parent companies or termination of employment regardless of its date of accrual and survives after the employment relationship terminates. Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration. Except as otherwise stated in this Agreement, you and Cigna agree that any legal dispute or controversy covered by this Agreement, or arising out of, relating to, or concerning the scope, validity, enforceability or breach of this Agreement, shall be resolved by final and binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association ("AAA Rules") then in effect, and not by court or jury trial, to be held (unless the parties agree in writing otherwise) within 45 miles of and in the same state where you are or were last employed by Cigna. **Exhibit A**, ¶ 1.
>
> Except as it otherwise provides, this Agreement also applies, without limitation, to disputes with any entity or individual arising out of or related to the application for employment, background checks, privacy, the employment relationship or

[1] As used in this Agreement, "Cigna" includes Cigna Corporation and **all of its subsidiaries**, jointly and individually, including each of the organizations listed on **Ex. A** at p. 4, to this Agreement.

> the termination of that relationship, contracts, trade secrets, unfair competition, compensation, classification, minimum wage, seating, expense reimbursement, overtime, breaks and rest periods, termination, retaliation, discrimination or harassment and claims arising under the Fair Credit Reporting Act, Defend Trade Secrets Act, Title VII of the Civil Rights Act of 1964 (subject, however, to the exclusion(s) contained in the next to final paragraph of this Section 1), 42 U.S.C. §1981, Rehabilitation Act, Civil Rights Acts of 1866 and 1871, the Civil Rights Act of 1991, 8 U.S.C. § 1324b (unfair immigration related practices), 41 U.S.C. § 4712, the Pregnancy Discrimination Act, Equal Pay Act, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by Cigna and (a) covered by the Employee Retirement Income Security Act of 1974 or (b) funded by insurance), Affordable Care Act, Genetic Information Non-Discrimination Act, Uniformed Services Employment and Reemployment Rights Act, Worker Adjustment and Retraining Notification Act, Older Workers Benefits Protection Act of 1990, Occupational Safety and Health Act, Consolidated Omnibus Budget Reconciliation Act of 1985, False Claims Act, state or local statutes or regulations addressing the same or similar subject matters, and all other federal, state or local statutory and legal claims arising out of or relating to your employment or the termination of employment (including without limitation torts and post-employment defamation or retaliation). *Id.*

The Arbitration Agreement between parties binds Plaintiff and Defendants to Arbitration based on the allegations in the Complaint which arise out of Plaintiff's employment relationship with Defendants. Plaintiff filed the instant lawsuit alleging violations of the Colorado Wage Claim Act ("CWCA") and Fair Labor Standards Act ("FLSA"). Plaintiff alleges he is owed unpaid overtime wages, uncompensated mandatory pre-shift work, statutory penalties for nonpayment after written demand, citing C.R.S. § 8-4-109 of the CWA, and liquidated damages pursuant to the Fair Labor Standards Act. On

June 4, 2025, Defendants most recently informed Plaintiff that his claims were subject to binding arbitration and provided Plaintiff with a copy of the Arbitration Agreement. Because Plaintiff's claims are covered by a valid arbitration agreement, as expressly stated in the above excerpt and **Ex. A**, Defendants respectfully request this Court stay this case and compel arbitration.

## III. ARGUMENT

### A. The Federal Arbitration Act Requires Enforcement of Plaintiff's Arbitration Agreement.

Defendants bring this Motion under the Federal Arbitration Act, 9 U.S.C. § 1, *et. seq.* ("FAA"). The FAA embodies the "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333, 339 (2011) (*quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983)); *Grady v. DirecTV Customer Servs.,* 14-cv-03474-CMA- NYW, 2015 U.S. Dist. LEXIS 75113, *4-5 (D. Colo. June 10, 2015) ("The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* FAA codifies a strong federal policy favoring the enforcement of arbitration agreements."). "Underlying this policy is Congress' view that arbitration constitutes a more efficient dispute resolution process than litigation." *Adkins v. Labor Ready, Inc.,* 303 F.3d 496, 500 (4th Cir. 2002) (internal citations omitted).

Accordingly, under § 2 of the FAA, "[a] written provision in any…contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter rising out of such contract or transaction…shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. The court reviewing a motion to compel arbitration must "hear the parties, and upon being satisfied that the making of the agreement for arbitration or

the failure to comply therewith is not in issue…shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

Under the FAA, a district court must compel arbitration and stay court proceedings if the parties have agreed to arbitrate their dispute. *See id*. at §§ 2–3. The FAA leaves no place for the exercise of discretion but, instead, directs district courts to order the parties to proceed to arbitration on all issues covered by the arbitration agreement. *See id*.; *see also Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985). Indeed, courts must "'rigorously enforce' arbitration agreements according to their terms." *Am. Express Corp. v. Italian Colors Rest.,* 133 S. Ct. 2304, 2309, 186 L. Ed. 2d 417 (2013) (*quoting Dean Witter,* 470 U.S. at 221); *see also AT&T Mobility,* 131 S. Ct. at 1745. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Drews Distrib., Inc. v. Silicon Gaming, Inc.,* 245 F.3d 347, 349 (4th Cir. 2001) (quoting *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 24–25).

Here, as the Voluntary Arbitration Agreement, Plaintiff expressly agreed to the arbitration of employment disputes that, ". . . applies to any dispute, past, present or future, arising out of or related to Employee's (sometimes "you" or "your") employment or relationship with Cigna or the relationship with any of Cigna's agents, employees, affiliates, successors, subsidiaries, assigns, sister or parent companies or termination of employment regardless of its date of accrual and survives after the employment relationship terminates." **Ex. A** at ¶ 1. Under these circumstances, the FAA mandates that Plaintiff submit his claims to arbitration.

**B. Plaintiff's Claims are Subject to Arbitration Under the FAA.**

In deciding whether to compel arbitration, courts generally must determine two "gateway" issues: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute in question. *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 84 (2002). In making this decision, courts consider the "strong federal policy favoring arbitration" and if there is any "uncertainty as to whether a claim is arbitrable, all doubts are to be resolved in favor of arbitrability." *Workalemahu v. Heritage Club,* 2014 U.S. Dist. LEXIS 180719, at *4–5 (D. Colo. Dec. 31, 2014) (internal citations omitted), magistrate report adopted by 2015 U.S. Dist. LEXIS 6685 (D. Colo. Jan. 21, 2015). Once a court has determined a claim is arbitrable, the case must be stayed. *Smith v. Spizzirri*, 601 U.S. 472, 475-76 (2024) (When a federal court finds that a dispute is subject to arbitration, the court shall stay the action until such arbitration has been had in accordance with the terms of the agreement). Here, both gateway issues are satisfied and the Court must stay this case and compel arbitration.

**1. Plaintiff Entered into an Enforceable Agreement to Arbitrate.**

The interpretation of an arbitration agreement is generally a matter of state law. *See Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 681 (2010). In Colorado, the interpretation of a contract is a question of law for the court, and a court's duty is "to interpret a contract in a manner that effectuates the manifest intention of the parties at the time the contract was signed." *Randall & Blake v. Metro Wastewater Reclamation Dist.,* 77 P.3d 804, 806 (Colo. App. 2003). "If the language is plain, clear, and unambiguous, a contract must be enforced as written." *Id.*

Here, Defendants provided Plaintiff with Voluntary Arbitration Agreement which therein contained an agreement to arbitrate, which he accepted through his signature and acknowledgement of the same. **Ex. A**. Consideration existed through the mutual obligation to arbitrate as well as Plaintiff's continued employment. *Id; see Wisehart v Meganck,* 66 P.3d 124, 126 (Colo. App. 2002) ("In Colorado, an agreement of employment for an indefinite term is presumed to be at will.") (citing *Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708, 711 (Colo. 1987); *Lucht's Concrete Pumping, Inc. v. Horner,* 255 P.3d 1058, 1062–63 (Colo. 2011) (concluding continued employment provided consideration for a non-compete agreement employee signed during his employment). Additionally, the arbitration agreement specified all essential terms. Therefore, there is no dispute the parties entered into an enforceable arbitration agreement.

**2. The Agreement to Arbitrate Covers Plaintiff's Claims.**

The scope of an arbitration agreement is controlled by the parties' intentions, "but those intentions are generously construed as to issues of arbitrability." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth,* 473 U.S. 614, 626 (1985). Here, there can be no doubt that Plaintiff's claims are covered by the Arbitration Agreement and Defendants' dispute resolution policy. The Arbitration Agreement provides that Plaintiff agrees that, ". . . this Agreement applies to any dispute, past, present or future, arising out of or related to Employee's (sometimes "you" or "your") employment or relationship with Cigna or the relationship with any of Cigna's agents, employees, affiliates, successors, subsidiaries,

assigns, sister or parent companies or termination of employment regardless of its date of accrual and survives after the employment relationship terminates." **Ex. A** at ¶ 1.

Further, included in the claims covered by the Arbitration Agreement, ". . . this Agreement also applies, without limitation, to disputes with any entity or individual arising out of or related to the application for employment, background checks, privacy, the employment relationship or the termination of that relationship, contracts, trade secrets, unfair competition, compensation, classification, minimum wage, seating, expense reimbursement, overtime, breaks and rest periods, termination, retaliation . . . arising under the…Fair Labor Standards Act…state or local statutes or regulations addressing the same or similar subject matters, and all other federal, state, or local statutory and legal claims arising out of or relating to your employment…" **Ex. A** at ¶ 1. Here, Plaintiff has asserted claims related to his compensation and overtime, which are expressly and specifically encompassed by the Arbitration Agreement. Thus, Plaintiff's claims are covered by the Arbitration Agreement. Because both "gateway" issues are clearly met here, the court should stay this case and compel it to arbitration.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, Plaintiff's claims should be addressed in arbitration, not in this Court. Defendants therefore respectfully requests the Court compel arbitration and stay this action in its entirety and grant such other and further relief in its favor as this Court deems appropriate.

Respectfully submitted this 4th day of August, 2026.

JACKSON LEWIS P.C.

*s/ Marques A. Berrington*
Marques A. Berrington
Jonathan T. Smith
1400 Wewatta Street, Suite 900
Denver, Colorado 80202
Telephone: (303) 892-0404
Facsimile: (303) 409-3833
Marques.Berrington@jacksonlewis.com
Jonathan.Smith@jacksonlewis.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 4th day of August, 2026, a true and correct copy of the foregoing **DEFENDANTS' MOTION TO COMPEL ARBITRATION** was filed via CM/ECF and served on the following:

Matthew Price*, pro se Plaintiff*
2207 East 12th Street, Apt. 77
Pueblo, CO 81001
matt@mattp.cc

s/ Felicia Sargent
For Jackson Lewis P.C.