EXHIBIT
A

FOR INTERNAL USE ONLY

# Voluntary Arbitration Agreement

1. **Arbitration**. This Agreement is governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.). Except as it otherwise provides, this Agreement applies to any dispute, past, present or future, arising out of or related to Employee's (sometimes “you” or “your”) employment or relationship with Cigna[1] or the relationship with any of Cigna’s agents, employees, affiliates, successors, subsidiaries, assigns, sister or parent companies or termination of employment regardless of its date of accrual and survives after the employment relationship terminates. Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration. Except as otherwise stated in this Agreement, you and Cigna agree that any legal dispute or controversy covered by this Agreement, or arising out of, relating to, or concerning the scope, validity, enforceability or breach of this Agreement, shall be resolved by final and binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association (“AAA Rules”) then in effect, and not by court or jury trial, to be held (unless the parties agree in writing otherwise) within 45 miles of and in the same state where you are or were last employed by Cigna. The arbitrator shall be a member of the bar of the state in which the arbitration will be conducted or a retired judge who presided at a state or federal court in that state. The AAA Rules may be found at www.adr.org or by searching for “AAA Employment Arbitration Rules” using a service such as www.Google.com or by asking the Cigna Employee Service Center, 1.800.551.3539, for a copy of the rules. If for any reason the AAA will not administer the arbitration, either party may apply to a court of competent jurisdiction with authority over the location where the arbitration will be conducted for appointment of a neutral arbitrator. Nothing in this Agreement prevents the parties from agreeing to submit any otherwise covered dispute to voluntary, non-binding mediation.

Except as it otherwise provides, this Agreement also applies, without limitation, to disputes with any entity or individual arising out of or related to the application for employment, background checks, privacy, the employment relationship or the termination of that relationship, contracts, trade secrets, unfair competition, compensation, classification, minimum wage, seating, expense reimbursement, overtime, breaks and rest periods, termination, retaliation, discrimination or harassment and claims arising under the Fair Credit Reporting Act, Defend Trade Secrets Act, Title VII of the Civil Rights Act of 1964 (subject, however, to the exclusion(s) contained in the next to final paragraph of this Section 1), 42 U.S.C. §1981, Rehabilitation Act, Civil Rights Acts of 1866 and 1871, the Civil Rights Act of 1991, 8 U.S.C. § 1324b (unfair immigration related practices), 41 U.S.C. § 4712, the Pregnancy Discrimination Act, Equal Pay Act, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by Cigna and (a) covered by the Employee Retirement Income Security Act of 1974 or (b) funded by insurance), Affordable Care Act, Genetic Information Non-Discrimination Act, Uniformed Services Employment and Reemployment Rights Act, Worker Adjustment and Retraining Notification Act, Older Workers Benefits Protection Act of 1990, Occupational Safety and Health Act, Consolidated Omnibus Budget Reconciliation Act of 1985, False Claims Act, state or local statutes or regulations addressing the same or similar subject matters, and all other federal, state or local statutory and legal claims arising out of or relating to your employment or the termination of employment (including without limitation torts and post-employment defamation or retaliation).

All claims in arbitration are subject to the same statutes of limitation that would apply in court. You and Cigna shall follow the AAA Rules applicable to initial filing fees, but in no event will you be responsible for any portion of those fees in excess of the filing or initial appearance fees applicable to court actions in the jurisdiction where the arbitration will be conducted. Cigna otherwise shall pay all costs and expenses unique to arbitration, including without limitation the arbitrator’s fees. Discovery will be conducted in accordance with the AAA Rules. The arbitrator must follow applicable law and may award only those remedies that would have applied had the matter been heard

[1] As used in this Agreement, “Cigna” includes Cigna Corporation and all of its subsidiaries, jointly and individually, including each of the organizations listed on Attachment A to this Agreement.

in court. The arbitrator's decision must be in writing and contain findings of fact and conclusions of law. Judgment may be entered on the arbitrator's decision in any court having jurisdiction.

This Agreement does not apply to litigation between you and Cigna pending in a state or federal court or arbitration as of the date of your receipt of this Agreement ("pending litigation"). If the pending litigation is in arbitration, the rules governing that arbitration will remain in full force and effect regardless whether you accept this Agreement or opt out of this Agreement.

Also not covered are claims brought in small claims court (or equivalent court in the state where you work/ed for Cigna), so long as such claims are brought only in that court. If any such claim is transferred or appealed to a different court, then this Agreement will apply and either party may require arbitration of the claim.

This Agreement also does not apply to claims for workers compensation, state disability insurance or unemployment insurance benefits. Nothing contained in this Agreement shall be construed to prevent or excuse you (individually or in concert with others) or Cigna from utilizing Cigna's existing internal procedures for resolution of complaints, and this Agreement is not intended to be a substitute for the utilization of such procedures.

A party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy in accordance with applicable law, and any such application shall not be deemed incompatible with or waiver of this agreement to arbitrate. The court to which the application is made is authorized to consider the merits of the arbitrable controversy to the extent it deems necessary in making its ruling, but only to the extent permitted by applicable law. All determinations of final relief, however, will be decided in arbitration.

This Agreement does not prevent you from filing unfair labor practice charges with the National Labor Relations Board (www.nlrb.gov). Cigna will not retaliate against you for filing such a charge. Nothing in this Agreement prevents you from making a report to or filing a claim or charge with a government agency, including without limitation the Equal Employment Opportunity Commission, U.S. Department of Labor, U.S. Securities and Exchange Commission, National Labor Relations Board, or Office of Federal Contract Compliance Programs. Nothing in this Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement. This Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies based on those claims, even if the claims would otherwise be covered by this Agreement. Nothing in this Agreement prevents or excuses a party from satisfying any conditions precedent and/or exhausting administrative remedies under applicable law before bringing a claim in arbitration. Cigna will not retaliate against you for filing a claim with an administrative agency or for exercising rights (individually or in concert with others) under Section 7 of the National Labor Relations Act.

Disputes between the parties that may not be subject to a predispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203) or as otherwise provided by an Act of Congress are excluded from the coverage of this Agreement. Likewise, to the extent there is any conflict between this Agreement and the requirements of the Franken Amendment, Section 8116 of the Department of Defense Appropriations Act of 2010 (Pub. L. 111-118) or its successor statutes, provided such statutes remain in effect and are applicable to the Company, than the requirements of the Franken Amendment shall control.

Private attorney general representative actions brought on behalf of the state under the California Labor Code are not arbitrable, not within the scope of this Agreement and may be maintained in a court of law, but a claim you bring on your own behalf as an aggrieved employee for violations of the Labor Code or any Wage Order seeking recovery of underpaid wages or other individual relief (as opposed to a representative claim exclusively for civil penalties) is arbitrable.

**2. <u>Class and Collective Action Waiver</u>. This Agreement affects your ability to participate in class and collective actions.** Both Cigna and you agree to bring any dispute in arbitration on an individual basis only, and not on a class or collective basis on behalf of others. There will be no right or authority for any dispute to be brought, heard or arbitrated as a class or collective action, or as a member in any such class or collective proceeding ("Class Action Waiver"). Notwithstanding any other provision of this Agreement or the AAA Rules, disputes in court or arbitration regarding the validity, enforceability or breach of the Class Action Waiver may be resolved only by the court and not by an arbitrator. In any case in which (1) the dispute is filed as a class or collective action and (2) there

is a final judicial determination that all or part of the Class Action Waiver is unenforceable, the class and/or collective action to that extent must be litigated in a civil court of competent jurisdiction, but the portion of the Class Action Waiver that is enforceable shall be enforced in arbitration. You will not be retaliated against, disciplined or threatened with discipline as a result of your filing of or participation in a class or collective action in any forum. However, Cigna may lawfully seek enforcement of this Agreement and the Class Action Waiver under the Federal Arbitration Act and seek dismissal of such class or collective actions or claims. The Class Action Waiver shall be severable in any case in which the dispute is filed as an individual action and severance is necessary to ensure that the individual action proceeds in arbitration.

**3. Your Right to Opt Out of Arbitration. Arbitration is not a mandatory condition of your employment at Cigna. This Agreement to arbitrate is voluntary, and therefore you may submit a statement notifying Cigna that you wish to opt out and not be subject to this Agreement.** In order to opt out, you must notify Cigna of your intention to opt out by doing the following within the time frame described below:

- Access Workday (Workday)
- Select your profile in Workday (upper right hand corner)
- Select the Personal Tab > Additional Information
- Next, select the Opt-Out option > Edit
- Once the Opt-Out has been selected, click “Ok” to submit

In order to be effective, your opt-out notice must be provided within 45 days of the later of: (a) your first acknowledgement and/or signature to this Agreement or (b) your first day of employment with Cigna. If you opt out as provided in this paragraph, you will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies without regard to this Agreement. If you do not opt out as provided, continuing your employment constitutes mutual acceptance of the terms of this Agreement by you and Cigna. You have the right to consult with counsel of your choice concerning this Agreement.

**4. Enforcement of this Agreement.** Except as provided above regarding pending litigation that is in arbitration, this Agreement replaces all prior agreements regarding the arbitration of disputes and is the full and complete agreement relating to the formal resolution of disputes covered by this Agreement. In the event any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable.

**5. Validity of Electronic Signatures**. The parties agree that this Agreement may be accepted and agreed to electronically, and that the fact that either party manifested their agreement to its terms through electronic means (such as a web-based “click through” or other similar technology) shall not in any way affect the validity or enforceability of this Agreement. Duplicate copies of this Agreement shall also be as valid as an original for any purpose.

**AGREED: By Cigna**



**John Murabito**
**Cigna Corporation**
**EVP Human Resources & Services**

FOR INTERNAL USE ONLY

**ATTACHMENT A**

Accredo Health Group Inc
Ascent Health Services LLC
Bravo Health Mid Atlantic Inc
Bravo Health Pennsylvania Inc
CareAllies, Inc.
CareCore National, LLC
CIGNA Behavioral Health of California, Inc.
CIGNA Behavioral Health, Inc.
CIGNA Dental Health of California, Inc.
CIGNA Dental Health of Florida, Inc.
CIGNA Dental Health, Inc.
Cigna Health and Life Insurance Co
CIGNA Health Management, Inc
CIGNA HealthCare of Arizona, Inc.
CIGNA HealthCare of California, Inc.
CIGNA Healthcare of NC, Inc.
CIGNA Holdings, Inc.
CIGNA International Services, Inc.
CIGNA Life Insurance Company of New York
CT General Benefit Payment Inc
Express Scripts Administrators, LLC
Express Scripts Pharmaceutical Procurement, LLC
Express Scripts Pharmacy, INC
Express Scripts Sales Operations, Inc.
Express Scripts Services Co
Express Scripts Strategic Development, Inc.
Express Scripts, Inc.
GulfQuest, LP
HealthSpring Inc
HealthSpring Mgmt of America LLC
HealthSpring USA LLC
Life Insurance Company of North America
Medco Health Puerto Rico LLC
Medco Health Services Inc
Newquest LLC
NewQuest Mgmt Northeast, LLC
NewQuest Mgmt of AL, LLC
NewQuest Mgmt of Florida LLC
NewQuest Mgmt of Illinois LLC
Priority Healthcare Distribution, Inc.
Tel-Drug of PA, LLC.
Tel-Drug, Inc.

Cigna.

## Standard Documents

1 item

| Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement | Document |
|---|---|---|---|---|---|---|
| 03/01/2020 | Employee Voluntary Arbitration Agreement.docx | Acknowledgment | Price, Matthew Blake (Terminated) (410657) | 03/04/2020 07:40:48 PM | I HAVE CAREFULLY READ AND UNDERSTAND THE CIGNA ARBITRATION AGREEMENT AND AGREE TO ITS TERMS.<br><br>BY CLICKING THE ACKNOWLEDGMENT BUTTON BELOW, I AGREE THAT THE COMPANY AND I ARE AGREEING TO ARBITRATE DISPUTES COVERED BY THIS AGREEMENT, UNLESS I EXERCISE MY RIGHT TO OPT OUT OF ARBITRATION BY FOLLOWING THE PROCEDURE FOR OPTING OUT SET FORTH IN THE AGREEMENT. I UNDERSTAND AND AGREE THAT THE REQUIREMENT TO ARBITRATE DISPUTES WITH THE COMPANY IS NOT A MANDATORY TERM OR CONDITION OF MY EMPLOYMENT.<br><br>I FURTHER UNDERSTAND AND AGREE THAT CLICKING THE ACKNOWLEDGEMENT BUTTON BELOW CONSTITUTES A VALID AND BINDING ELECTRONIC SIGNATURE AND IS SUFFICIENT TO ACKNOWLEDGE MY ACCEPTANCE OF THE AGREEMENT, AND THAT SUCH ELECTRONIC SIGNATURE IS AS VALID AND HAS THE SAME LEGAL EFFECT AS AN INK SIGNATURE.<br><br>I AGREE TO BE BOUND TO THE VOLUNTARY ARBITRATION AGREEMENT. | Employee Voluntary Arbitration Agreement |